CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 2 3 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DWAYNE LONG,<br>Petitioner, | )<br>)<br>) Case No. 7:05CV00533<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| WARDEN, NCC,<br>Respondent. | ) By: Hon. Glen E. Conrad<br>) United States District Judge |

Dwayne Long, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Long challenges the validity of his convictions in the Circuit Court for the County of Botetourt. The petition is presently before the court on the respondent's motion to dismiss. For the reasons set forth below, the court will grant the respondent's motion.

## BACKGROUND

On December 18, 2003, Long was convicted of four counts of assault or assault and battery of a family or household member after having been convicted two or more times within the last ten years of assault and battery of a family or household member, in violation of Virginia Code § 18.2-57.2. Long was sentenced to a total term of imprisonment of six years.

The following facts are taken from the trial transcript. On April 24, 2003, Long's daughter, Jessica Long, drove him to a doctor's appointment and to a pharmacy. (Sept. 4, 2003 Tr. at 6, 45). When the pharmacist informed Long that he could not fill one of his prescriptions, Long became angry. (Tr. at 45-46). As Long and Jessica left the pharmacy, Long voiced threats toward the pharmacist. (Tr. at 45-46).

Upon arriving home, Long took several Zantac pills and consumed a significant amount of liquor. (Tr. at 46-47). Long kicked the cat, threw glass, and slammed doors. (Tr. at 46). He also cursed at his wife, his daughter Jessica, and his two youngest daughters, Brandy and Ashley. (Tr. at 6-7). When Ashley and Brandy tried to go upstairs, Long blocked their path. (Tr. at 20). Ashley then asked her mother if they could leave. (Tr. at 20). Upon hearing Ashley's question, Long threatened to kill them, to shoot the tires out on the car, or to harm them in some way. (Tr. at 47). Long retrieved a gun from behind his computer and began loading it. (Tr. at 8, 21, 34). As he loaded each bullet, Long looked at a family member and said "this one's for you." (Tr. 8, 21, 34, 47).

Jessica became scared and went outside. (Tr. at 47). While outside, she noticed a stranger on the property. (Tr. at 48). Jessica then went inside and told her parents. (Tr. at 48). Long took the gun outside, aimed it where the stranger had been standing, and began shooting. (Tr. at 9, 35, 48). When one of his daughters told Long that he should not have used the gun, Long told his family that he could shoot whoever he wanted, and that he could even kill them. (Tr. at 49).

Long subsequently tried to choke his wife. (Tr. at 10, 23, 35). When Ashley and Brandy attempted to pull him away, Long shoved them to the ground. (Tr. at 10, 11, 23, 36). Long then began pointing the gun at his family members. (Tr. at 11, 23). Jessica was able to get the gun away from her father. (Tr. at 12, 24, 36, 49). She then ran to a neighbor's house. (Tr. at 12, 24, 36, 50). Long, who had been injured in a car accident in January, was unable catch Jessica. (Tr. at 12, 53). When Long realized that Ashley and Brandy were following him, he began pushing and shoving them. (Tr. at 12-13, 24). Upon reentering the house, Brandy went upstairs and

2

called 911. (Tr. at 13). Long then threatened his wife and Ashley with a knife. (Tr. at 25-27, 37).

Jessica and one of their neighbors, Jay Shiflett, returned to the Long residence. Long became completely calm and acted as if nothing had happened. (Tr. at 38, 51). Long took Shiflett into the kitchen for a drink while Mrs. Long and the girls gathered some clothing and left the house. (Tr. at 14, 27, 38, 51). Mrs. Long and the girls were stopped by the police. The police explained that they had set up a roadblock because of the incident. (Tr. at 14, 27, 51). A SWAT team subsequently surrounded the house. (Tr. at 63). Approximately four to five hours later, Long was taken into custody after exiting the house. (Tr. at 83).

Long appealed his convictions to the Court of Appeals of Virginia. On August 5, 2004, Long's petition for appeal was denied. That decision was adopted by a three-judge panel of the Court of Appeals on October 29, 2004. Long did not further pursue his appeal.

On February 18, 2005, Long filed a petition for writ of habeas corpus in the Supreme Court of Virginia, in which he raised the following claims:

1. Long received ineffective assistance of counsel in that his attorney failed to:

    (a) File a motion for discovery;
    (b) Conduct an investigation and interview witnesses;
    (c) Subpoena the reporting officer; and
    (d) Visit or communicate with him.

2. Long received ineffective assistance of counsel in that his attorney failed to:

    (a) Prepare and assert a defense;
    (b) File a motion in limine to exclude evidence that he possessed a gun on the night of the assault; and
    (c) Object to the admission of testimony related to the gun.

3. Long received ineffective assistance of counsel in that his attorney failed to move to exclude the victims from the courtroom.

3

4. Long received ineffective assistance of counsel in that his attorney:

    (a) Failed to object to testimony that he threatened a pharmacist on the day of the assault; and
    (b) Brought the issue up again on cross-examination.

5. Long received ineffective assistance of counsel in that his attorney acted as a prosecutor in presenting evidence and eliciting testimony that was prejudicial to him.

6. Long received ineffective assistance of counsel in that his attorney failed to preserve the issue of sufficiency of the evidence for federal habeas review.

The petition was dismissed by the Supreme Court of Virginia on June 23, 2005.

Long filed the instant petition on August 12, 2005. The petition includes the same claims that were raised in his state habeas petition. On September 29, 2005, the respondent moved to dismiss the petition. Since the petitioner has now responded to the motion, the petition is ripe for review.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254(b), a petitioner challenging a state court conviction must first exhaust remedies available in the courts of the state in which he was convicted before seeking federal habeas review. See Preiser v. Rodriguez, 411 U.S. 475 (1973). When a claim has been adjudicated on the merits by a state court, this court may grant habeas relief only if the state court's adjudication of the claims "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The United States Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently,

4

"state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

## DISCUSSION

In each of his claims, Long asserts that he received ineffective assistance from his trial counsel. A criminal defendant's right to effective assistance of counsel is protected by the Sixth Amendment to the United States Constitution. In Strickland v. Washington, 466 U.S. 668, 669 (1984), the United States Supreme Court set forth a two-prong test for evaluating ineffective assistance claims. The defendant must show that his counsel's performance fell "below an objective standard of reasonableness," and that the "deficient performance" must have "prejudiced the defense." Id. at 687-688. The prejudice prong "generally requires the defendant to demonstrate by a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." Frazer v. South Carolina, 430 F.3d 696, 703 (4th Cir. 2005).

### Claim 1(a)

In his first claim, Long contends that his trial counsel was ineffective for failing to file a motion for discovery of the police report. Long contends that the police report would have included each victims' initial statements to the police and that this information could have been used for impeachment purposes.

The Supreme Court of Virginia concluded that Long's allegations were insufficient to establish a claim under Strickland. The Supreme Court noted that Long failed to proffer the particular evidence that the police report would have provided, and that absent a showing that the report contained exculpatory material, discoverable under Brady v. Maryland, 373 U.S. 83

5

(1963), Long had no right to discover the report. See Va. Sup. Ct. R. 3A:11. The court agrees with the respondent that the Supreme Court's decision was not contrary to clearly established federal law. Long's conclusory assertion that the police report could have been used for impeachment purposes is insufficient to warrant federal habeas relief. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992). Accordingly, Long's first claim must be dismissed.

## Claim 1(b)

In claim 1(b), Long contends that his trial counsel was ineffective for failing to contact and interview certain witnesses. First, Long alleges that his trial counsel was ineffective for failing to interview his pharmacist, David Fleming. Long contends that his pharmacist's testimony would have contradicted the testimony of his daughter, Jessica. Jessica testified that Long had threatened the life of a pharmacist on the day he assaulted his family. Long alleges that Fleming would have testified that he did not have a dispute with Long.

The Supreme Court of Virginia concluded that Long's allegations were insufficient to establish a claim under Strickland. The Supreme Court determined that Long was not prejudiced by Fleming's absence at trial. Having reviewed the record, the court agrees with the respondent that the Supreme Court's determination was not contrary to clearly established federal law. Fleming testified at Long's sentencing hearing. (Dec. 18, 2003 Tr. at 18-20). Although Fleming stated that he customarily assisted Long and that he had not ever had any confrontations with Long, Fleming acknowledged that he could not remember whether he actually assisted Long on the day in question. (Tr. at 19-20). Since Fleming's testimony would not have impeached Jessica's testimony, Long cannot establish that Fleming's absence at trial prejudiced his defense.

Long next contends that his attorney was ineffective for failing to contact and interview two of his relatives, Alva Barger and Christine St. Clair. Long submitted affidavits from Barger

6

and St. Clair, which indicate that Long's wife told them that Long was arrested for "shooting down a creek," and that his wife did not tell them that Long had assaulted or abused her.

The Supreme Court of Virginia concluded that Long's trial counsel was not ineffective for failing to interview Barger and St. Clair, because the relatives' statements did not directly impeach the victims' testimony. The Supreme Court's conclusion did not contravene clearly established federal law. As the respondent emphasizes in his motion to dismiss, the fact that Mrs. Long did not tell the petitioner's relatives that he had abused her or their daughters does not prove that the abuse did not occur. Thus, Long cannot establish that there is a reasonable probability that the outcome of his trial would have been different had these witnesses testified.

Long also contends that his trial counsel was ineffective for failing to contact his neighbor, Jay Shiflett. Long alleges that Shiflett would have testified that Jessica took three guns to Shiflett's house on the night of the alleged incident. Long contends that Shiflett's testimony would have impeached that of his wife, who testified that she was aware of only one gun in the house.

The Supreme Court of Virginia concluded that Long's allegations were insufficient to establish that Long was prejudiced by Shiflett's absence at trial. The court agrees with the respondent that the Supreme Court's decision was not contrary to clearly established federal law. As the Supreme Court explained in its decision, Long failed to provide an affidavit demonstrating that Shiflett would have provided favorable testimony if he had been called as a witness. In any event, the mere fact that Mrs. Long may have been unaware of the number of firearms in the house, or may have been inaccurate in her testimony in this regard, is not a crucial or dispositive circumstance. Therefore, claim 1(b) must be dismissed.

7

## Claim 1(c)

In claim 1(c), Long alleges that his trial counsel was ineffective for failing to investigate, contact, or subpoena the police officer who documented the accounts of assault by Long's wife and children. Long contends that the officer's testimony could have been used for impeachment purposes.

The Supreme Court of Virginia concluded that this claim failed to satisfy either prong of the Strickland test. The Supreme Court's conclusion was not contrary to clearly established federal law. As previously explained, Long's conclusory assertion that the police officer's testimony might have been useful to impeach the victims is insufficient to warrant federal habeas relief. Nickerson, 971 F.2d at 1136.

## Claims 1(d) and 2(a)

In claims 1(d) and 2(a), Long contends that his trial counsel provided ineffective assistance, because he visited with Long on only one occasion. Long also contends that his trial counsel failed to prepare and assert a defense.

The Supreme Court of Virginia determined that Long's allegations were unsupported by the record, and that they failed to establish either prong of the Strickland test. The court agrees with the respondent that the Virginia Supreme Court's decision did not contravene clearly established federal law or involve an unreasonable application of the facts. Prior to trial, the trial court questioned Long under oath. (Sept. 4, 2003 Tr. at 3-5). Long advised the trial court that he had sufficient time to discuss the charges with his attorney and to prepare his defenses for trial. (Tr. at 4). Long also told the trial court that he was satisfied with services provided by his attorney, that he was ready to go to trial, and that any witnesses he wished to call were available to him. (Tr. at 4). The transcripts of Long's trial and sentencing hearing demonstrate that his

8

attorney actively cross-examined witnesses and elicited testimony from Long and other defense witnesses. Moreover, Long fails to demonstrate how the alleged lack of communication with his trial counsel adversely affected his defense. Accordingly, the court concludes that claims 1(d) and 2(a) must be dismissed.

### Claims 2(b) and (c)

In claims 2(b) and (c), Long alleges that his attorney was ineffective for failing to file a motion to exclude evidence of the gun and for failing to object to testimony regarding the gun. Long contends that this evidence was relevant only to a firearm charge, which was dismissed prior to trial.[1]

The Supreme Court of Virginia concluded that this claim failed to meet either prong of the Strickland test. The court agrees with the respondent that the Supreme Court's conclusion was not contrary to clearly established federal law. Long was charged with four counts of assault and battery of a family member. The record indicates that the charges were based, in part, on the allegation that Long threatened to kill his wife and children with the gun. Therefore, because evidence about the gun was relevant to the assault charges, Long's trial counsel did not act ineffectively in failing to move to exclude the gun or in failing to object to testimony concerning the gun. See Murray v. Maggio, 736 F.2d 279, 283 (5th Cir. 1984) ("Counsel is not required to engage in the filing of futile motions.").

---

[1] The respondent indicates that an associated charge of possession of a firearm was dismissed after Long was indicted by the federal government on firearm charges.

9

## Claim 3

In claim 3, Long alleges that his attorney was ineffective for failing to move to exclude his wife and children from the courtroom during trial. Long contends that he had the right to have the victims excluded under Virginia Code § 19.2-265.1.[2] Long acknowledges that this statute was amended in 2004 to provide that victims, who are to be called as witnesses, are exempt from the rule.[3] However, Long contends that his trial took place prior to the amendment.

The Supreme Court of Virginia concluded that the claim failed to satisfy either prong of the Strickland test. The Supreme Court explained that a motion to exclude his wife and children would have been futile, because they were permitted to remain in the courtroom pursuant to Virginia Code § 19.2-265.01. This statute, which was in effect at the time of Long's trial, provides that crime victims have the right to remain in the courtroom during trial, unless the trial court determines that the victims' presence would impair the conduct of a fair trial. See Va. Code § 19.2-265.01. The court agrees with the respondent that the Supreme Court's decision was not contrary to clearly established federal law. Accordingly, claim 3 must be dismissed.

---

[2] At the time of Long's trial, § 19.2-265.1 provided, in pertinent part, that upon the motion of either party in a criminal case, the court shall "require the exclusion of every witness to be called, including, but not limited to, police officers or other investigators." Va. Code § 19.2-265.1 (2003).

[3] The current version of § 19.2-265.1 provides as follows:

> In the trial of every criminal case, the court, whether a court of record or a court not of record, may upon its own motion and shall upon the motion of either the attorney for the Commonwealth or any defendant, require the exclusion of every witness to be called, including, but not limited to, police officers or other investigators; however, each defendant who is an individual and one officer or agent of each defendant which is a corporation or association shall be exempt from the rule of this section as a matter of right. Additionally, any victim as defined in § 19.2-11.01 who is to be called as a witness shall be exempt from the rule of this section as a matter of law unless, in accordance with the provisions of § 19.2-265.01, his exclusion is otherwise required.

Va. Code § 19.2-265.1 (2005).

### Claims 4(a) and (b)

In claims 4(a) and (b), Long alleges that his trial counsel was ineffective for failing to object to testimony that Long threatened a pharmacist on the day of the alleged assault, and for bringing up the issue again on cross-examination. Long contends that the evidence was irrelevant and unduly prejudicial.

The Supreme Court of Virginia determined that this claim was without merit, because Long's alleged encounter with the pharmacist was part of a continuing course of conduct which led to Long's acts of violence toward his family. Having reviewed the record, the court concludes that the Supreme Court's decision did not contravene clearly established federal law or involve an unreasonable application of the facts. The court notes that even assuming the evidence regarding the pharmacist was irrelevant, Long has failed to demonstrate that there is a reasonable probability that, but for the admission of this evidence, the outcome of the trial would have been different. Therefore, claims 4(a) and (b) must be dismissed.

### Claim 5

In claim 5, Long alleges that his trial counsel provided ineffective assistance by eliciting prejudicial testimony from his daughter Brandy. Specifically, Long contends that his trial counsel should not have questioned Brandy about prior allegations of abuse or about his alleged affair with Ava McCrobey. During cross-examination, Long's trial counsel confronted Brandy with an email she had written to McCrobey. (Sept. 4, 2003 Tr. at 17). Counsel explained that he was attempting to show that Brandy was biased against her father. (Tr. at 17). Long's trial counsel also questioned Brandy about prior instances of abuse, in an attempt to show that Brandy was prone to exaggeration. (Tr. at 19).

11

The Supreme Court of Virginia determined that this claim failed to satisfy either prong of the Strickland test. Having reviewed the record, the court concludes that the Supreme Court's decision was not contrary to clearly established federal law. While Long may now disagree with his trial counsel's tactics, it is not the proper role of this court to second guess his counsel's tactical decisions. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). Nonetheless, even assuming that his attorney's questions were objectively unreasonable, Long has not demonstrated that the questions prejudiced his defense. As the respondent points out in his motion to dismiss, the Commonwealth had already put forth evidence of a prior conviction for assaulting Brandy, and McCrobey testified that she had not had an affair with Long. (Tr. at 14, 81). For these reasons, the court concludes that Long has failed to establish either prong of the Strickland test. Accordingly, claim 5 must be dismissed.

## Claim 6

In his final claim, Long alleges that his trial counsel was ineffective for failing to move to strike the evidence, and for failing preserve a sufficiency-of-the-evidence claim for federal review. Long contends that as a result of his trial counsel's errors, he cannot challenge the sufficiency of the evidence in federal court.

The Supreme Court of Virginia determined that these allegations failed to satisfy either prong of the Strickland test. The Supreme Court noted that Long's trial counsel objected to the sufficiency of the evidence at trial and that he properly preserved the issue for appellate review. The court agrees with the respondent that the Supreme Court's decision was not contrary to clearly established federal law. As the respondent explains in his motion to dismiss, Long's trial counsel was not required to label his objections to the sufficiency of the evidence in constitutional terms in order to preserve the issue for federal habeas review. See West v. Wright,

Case 7:05-cv-00533-GEC-mfu   Document 39   Filed 01/23/06   Page 12 of 13   Pageid#: 206

931 F.2d 262 (4th Cir. 1991), rev'd on other grounds, 505 U.S. 277 (1992) (explaining that "any challenge to the sufficiency of the evidence to convict in a state prosecution is necessarily a due process challenge to the conviction."). Accordingly, claim 6 must be dismissed.

## CONCLUSION

For the reasons stated, the court will grant the respondent's motion to dismiss.[4] The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 23rd day of January, 2006.

_____
United States District Judge

---

[4] Having concluded that the petitioner's claims must be dismissed, the court will deny the petitioner's motion for an evidentiary hearing.

13